UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-12055-IT |
| | * | |
| ANDRE LEVESQUE, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

June 19, 2017

TALWANI, D.J.

I.  Introduction

Petitioner, the United States of America, filed a Petition Pursuant to 18 U.S.C. § 4246 for a Hearing to Determine Present Mental Condition of an Imprisoned Person Due for Release ("Petition") [#1] asserting that Respondent Andre Levesque is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a). Petitioner now seeks leave to proffer for *in camera* review a letter that Petitioner received from Respondent on May 25, 2017, so that this court can determine whether the letter should be submitted into evidence with regard to the underlying Petition. Mot. of United States to Submit Additional Evid. ("Mot. Submit Additional Evid.") 1 [#40]. Respondent has opposed the motion. Resp't's Opp'n Mot. United States Submit Additional Evid. ("Resp't Opp'n") [#48].

A court considering a petition for civil commitment under 18 U.S.C. § 4246 must "order a hearing to determine whether [the respondent] is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another

person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a). At such hearing, the Respondent "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). This court held such a hearing on May 4, 2017, and did not leave the hearing open for further evidence. Accordingly, the threshold question before this court is whether the court may reopen the evidentiary hearing.

II.     Analysis

Respondent first argues that where Congress intended to allow a court to reopen an evidentiary hearing, Congress expressly provided a mechanism for doing so in the underlying statutory scheme. According to Respondent, because Congress did not expressly allow a court to reopen an evidentiary hearing in civil commitment proceedings under 18 U.S.C. §§ 4246 and 4247(d), this court may not do so. However, the cases Respondent cites to support its argument are inapposite. In United States v. Dillon, the First Circuit considered the denial of defendant's motion, brought pursuant to 18 U.S.C. § 3142(f), to re-open a pre-trial detention hearing. 938 F.2d 1412, 1415 (1st Cir. 1991). Dillon thus addressed whether the defendant had met the statutory requirements articulated in Section 3142(f). It did not opine on a court's ability to re-open a hearing in other circumstances, such as a civil commitment proceeding under 18 U.S.C. § 4246. In United States v. Springer, the Fourth Circuit considered whether it had the authority to remand a case back to the district court for the submission of additional evidence once the district court denied the government's sexual dangerousness petition under 18 U.S.C. § 4248 and entered a final judgment. 715 F.3d 535, 544 (4th Cir. 2013). By contrast, this court has not yet issued an order on the government's petition.

Respondent also makes several policy arguments, all of which are unavailing. Respondent argues that the evidence the government wishes to submit for *in camera* review is cumulative, and review of that evidence would cause unnecessary delay. But the government is not seeking a second bite at the apple. Rather, it seeks to have this court review new evidence not available to it at the May 4, 2017, evidentiary hearing. Moreover, while proffering evidence post-hearing necessarily creates delay, that new evidence purportedly stems from Respondent's own actions. Respondent asserts further that the potential for the submission of additional evidence depends on the length of time a petition is under advisement, a variable untethered to the merits of a petition. This argument has little resonance here, where the motion was filed just one week after the post-hearing briefs. Finally, Respondent presses concerns regarding finality. But the parties' interest in finality, though significant, should not blind the court to new evidence proffered while the matter was under advisement.

Accordingly, the government's Motion to Submit Additional Evidence [#40] for *in camera* review is GRANTED. If after such review, the court decides to allow submission of the evidence, the court will then also determine the appropriate procedural safeguards for such submission, including but not limited to re-opening the evidentiary hearing under 18 U.S.C. § 4247(d).

III. Conclusion

For the foregoing reasons, the government's Motion to Submit Additional Evidence [#40] for *in camera* review is GRANTED. The government shall furnish to the court for *in camera* review the proffered new evidence.

IT IS SO ORDERED.

Date: June 19, 2017 /s/ Indira Talwani
United States District Judge

3